1   John K. Rubiner - State Bar No. 155208
        jkr@birdmarella.com
2   Michelle C. Tam - State Bar No. 248628
        mct@birdmarella.com
3
    BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
4   DROOKS & LINCENBERG, P.C.
    1875 Century Park East, 23rd Floor
5   Los Angeles, California 90067
    Telephone:  (310) 201-2100
6   Facsimile: (310) 201-2110
    Attorneys for Plaintiff
7   Jason A. Perlow

8

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12   JASON A. PERLOW,                    Case No. CV13-00633 ODW (SHx)

13              Plaintiff,

14       v.                              **COMPLAINT FOR
                                         DEFAMATION**
15   PERRY MANN,
                                         **DEMAND FOR JURY TRIAL**
16              Defendant.

17          NOW COMES Plaintiff, Jason A. Perlow, by his attorneys, John K.

18   Rubiner and Michelle C. Tam of Bird, Marella, Boxer, Wolpert, Nessim, Drooks

19   & Lincenberg, P.C., and for his complaint for defamation against Defendant,

20   Perry Mann, over which this Court has jurisdiction pursuant to 28 U.S.C. §

21   1332(a), states as follows:

22              **NATURE OF ACTION AND RELIEF REQUESTED**

23          1.    Plaintiff, Jason A. Perlow ("Perlow") resides in Chicago, Illinois and

24   was engaged in a business venture with a number of other individuals, including

25   Defendant, Perry Mann ("Mann").  During the course of e-mail correspondence

26   exchanged amongst numerous other venture participants Mann sent an e-mail to

27   Perlow copying all other participants accusing Perlow of engaging in a criminal

28   act, specifically stating:

                              1
    2921716.2              COMPLAINT

**Perlow – I respect your loyalty to your pals SY but let's all remember you where the schmuck that got caught doing blow in the elevator at the Palms and consequently got banded from all the N9NE Venus. Your creditability is weak my friend so take a back seat where you belong....**

2.    Mann's statement imputed to Perlow the commission of a crime constituting libel *per se* under California and/or Illinois law rendering Mann liable to Perlow for general compensatory damages in an amount of at least $100,000.

3.    Upon information and belief, Mann acted with malice when he intentionally published the false and defamatory statements about Perlow cited herein.

4.    Therefore, Perlow is also entitled to punitive damages of at least $1,000,000.

## THE PARTIES

5.    Perlow is, and at all relevant times was, an individual and a citizen of California residing in Chicago, Cook County, Illinois.

6.    Mann is, and at all relevant times was, an individual and a citizen of California residing in Manhattan Beach, Los Angeles County, California.

## JURISDICTION AND VENUE

7.    Jurisdiction is appropriate in this matter pursuant to 28 U.S.C. § 1332 (a) as complete diversity of citizenship exists between Perlow and Mann, and because the amount in controversy exceeds $75,000, exclusive of costs, interest, and legal expenses.

8.    Mann is subject to the jurisdiction of this Court in accordance with Cal. Code Civ. Proc. § 410.10 because Mann is a resident of the district in which this Court is located.

2921716.2

COMPLAINT

1    9.    Venue is proper in this Court in accordance with 28 U.S.C. § 1391

2    (b)(1) because Mann is a resident of the district in which this Court is located.

3    <u>**FIRST CAUSE OF ACTION**</u>

4    **(Defamation Against Mann)**

5    10.    Perlow hereby incorporates by reference Paragraphs 1 through 9 of

6    this Complaint as if fully realleged herein.

7    **Nature of the Venture**

8    11.    Perlow, Mann, and other investors from around the country were

9    involved in a venture known as "NM Ventures" (the "Venture").

10    12.    To participate in the Venture, the members had to meet certain

11    knowledge and financial standards and had to have a solid reputation within their

12    communities.

13    13.    Communications among those in the Venture frequently occurred

14    through e-mail.

15    **Mann's Libelous Statements About and To Perlow**

16    14.    On August 8, 2012, Perlow, Mann, and other Venture members

17    conversed amongst each other through e-mail concerning various business

18    transactions relating to the Venture.

19    15.    On August 8, 2012 at 10:47 a.m., during the course of the e-mail

20    communications noted above, Mann sent an e-mail to Perlow copying all other

21    Venture members.  The text of the e-mail is also excerpted below (the portions of

22    the e-mail chain cited herein are also attached and incorporated by reference

23    herein as **Exhibit A**):

24    **Perlow – I respect your loyalty to your pals SY but**

25    **let's all remember you where the schmuck that got**

26    **caught doing blow in the elevator at the Palms and**

27    **consequently got banded from all the N9NE Venus.**

28

2921716.2

1

2

**Your creditability is weak my friend so take a back**

**seat where you belong….**

3    Perry  Mann

4    Tradecor, LLC

5    480-229-4411

6    **Perry.Mann@Tradecorllc.com**

7    **www.tradecorllc.com**

8    16.    Upon information and belief, Mann used the expression "doing

9  blow" to mean to possess and use cocaine.

10    17.    Such possession and use of cocaine is against state and federal law.

11    18.    Upon information and belief, Mann used the expression "the elevator

12  at the Palms" to refer to the elevator in the Palms Hotel and Casino in Las Vegas,

13  Nevada.

14    19.    Upon information and belief, Mann used the expression

15  "consequently got banded [sic] from all of the N9NE Venus [sic]" to mean that

16  Perlow had been banned from all of the restaurants and clubs owned by the N9NE

17  Group.

18    20.    On August 8, 2012 at 11:52 a.m., during the course of the e-mail

19  communications noted above, Mann sent another e-mail to Perlow copying all

20  other Venture members.  The text of the e-mail is excerpted below (*see* Exhibit

21  A):

22        **You were banned from the N9NE venues by the**

23        **mangers [sic], that's a fact my friend.**

24    Perry Mann

25    21.    Upon information and belief, Mann used the word "managers" to

26  mean the managers of seven venues operated by the  Venture groups.

27

28

2921716.2

**Mann's Libelous Statements Were False**

22.　　The libelous statements were false in that Perlow never used cocaine, let alone in an elevator at the Palms Hotel and Casino.

23.　　The libelous statements were false in that Perlow was never banned from any N9NE facilities or venues.

24.　　The falsity of Mann's libelous statements is established by an August 15, 2012 letter from George Maloof, the managing member of the entities that own the Palms Casino Resort and the NM Ventures venues. That letter, attached and incorporated herein as **Exhibit B**, states in pertinent part:

"I write in response to your request that I investigate an accusation that you took illegal substances in an elevator at the Palms Casino Resort and, as a result, was banned from the hotel and/or NM Ventures venues. The accusation was recently made by Perry Mann and I've found his claim to be totally false.

According to Perry Mann, he claims that you were banned from the Palms Casino Resort and /or the NM Ventures venues for doing cocaine in a Palms elevator. I am personally unaware of any such activity or instance. In order for someone to be restricted from the hotel, I would have to have been notified and I have received no such notification. Further, I have had the Palms security as well as the 9 Group/NM Ventures security review all incident reports dating back to the opening of the Palms and found nothing in regard to either you or Perry Mann's claims. It would be protocol in a circumstance like that which has been alleged for an incident report to be completed. I hope this resolves your inquiry."

25.     On or about August 9, 2012, counsel for Perlow sent a letter to Mann demanding a retraction of Mann's libelous comments.  A copy of that August 9, 2012 letter is attached and incorporated herein as **Exhibit C**.

26.     Mann never provided a response to the August 9, 2012 letter to Perlow or his counsel.

### Perlow's Injuries and Damages

27.     Under California and/or Illinois law, Perlow's injury to his reputation and damages resulting from Mann's publication of the libelous statements are presumed, but are in no event less than $100,000.

28.     Upon information and belief, Mann published the libelous statements knowing them to be false and with actual malice.

29.     Based upon Mann's malicious publication of the false statements, Perlow is entitled to punitive damages in an amount of no less than $1,000,000.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

2921716.2

COMPLAINT

1

## **PRAYER FOR RELIEF**

2     WHEREFORE, Plaintiff, Jason A. Perlow, prays that judgment be entered

3  in his favor and against Defendant, Perry Mann, as follows:

4     A.    For an award to Perlow in the amount of no less than $100,000 in

5  general compensatory damages;

6     B.    For an award to Perlow in the amount of $1,000,000 in punitive

7  damages; and

8     C.    For such other and further relief as this Court deems proper.

9

10  DATED:  January 29, 2013     John K. Rubiner

11                        Michelle C. Tam

12                        BIRD, MARELLA, BOXER, WOLPERT,
                              NESSIM, DROOKS & LINCENBERG, P.C.

13

14

15                  By: _____

16                          John K. Rubiner

17                   Attorneys for Jason A. Perlow

18

19

20

21

22

23

24

25

26

27

28

2921716.2              COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Pursuant to Federal Rule of Civil Procedure 38 and Local Civil Rule 38,

3

Plaintiff Jason A. Perlow hereby requests a trial by jury.

4

5

DATED:  January 29, 2013          John K. Rubiner

6                                                           Michelle C. Tam

                                                            BIRD, MARELLA, BOXER, WOLPERT,

7                                                              NESSIM, DROOKS & LINCENBERG, P.C.

8

9

By:   _____

10                                                          John K. Rubiner

11                                                   Attorneys for Jason A. Perlow

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

2921716.2

# EXHIBIT A

**Chapman, Richard H.**

| | |
|---|---|
| **From:** | Jason Perlow <Japjson@aol.com> |
| **Sent:** | Wednesday, August 08, 2012 6:03 PM |
| **To:** | Chapman, Richard H. |
| **Subject:** | Fwd: Interest Purchase Agreement |

Sent from my iPhone
JSON™

Begin forwarded message:

> **From:** "Perry Mann" <Perry.Mann@tradecorllc.com>
> **Date:** August 8, 2012 10:47:07 AM CDT
> **To:** "'Jason Perlow'" <Japjson@aol.com>, "'David Blumenfeld'" <DBlumenfeld@BDG.NET>
> **Cc:** <bob@chaseart.com>, <Numbr20@aol.com>, <sbarket@centrumproperties.com>, <larry@silveryoung.com>, <AJYAJY1@gmail.com>, <bhandwerker@earthlink.net>, <brian@utke5.com>, <tigeroso@aol.com>, <dzoller1@gmail.com>, "'David J.Kaplan'" <DKaplan@BDG.net>, <david@312defense.com>, <d3morton@gmail.com>, <dennisr@champbilliards.com>, <glojean55@aol.com>, <JGeier@555.com>, "'James H. Deciutiis'" <JDeciutiis@BDG.NET>, <jesperp@mac.com>, <jt3.moran@moranlawfirm.com>, <Johnt@sandjenterprises.com>, <tmees@sandjenterprises.com>, <jkatlin@maurice.net>, <1kenpearl@gmail.com>, <michael@maurice.net>, <bj1@grouplind.com>, <billcastel@aol.com>, <batty2020@aol.com>, <bdwerner11@comcast.net>, <budmoon@earthlink.net>, <zim30@hotmail.com>, <cnatarelli@brookweiner.com>, <danrlee12@gmail.com>
> **Subject:** RE: Interest Purchase Agreement
>
> **Perlow – I respect your loyalty to your pals SY but let's all remember you where the schmuck that got caught doing blow in the elevator at the Palms and consequently got banded from all the N9NE Venus. Your creditability is weak my friend so take a back seat where you belong….**
>
>
> Perry Mann
>
> Tradecor, LLC
>
> 480-229-4411
>
> Perry.Mann@Tradecorllc.com
>
> www.tradecorllc.com

1

**Chapman, Richard H.**

| From: | Jason Perlow <Japjson@aol.com> |
|---|---|
| Sent: | Wednesday, August 08, 2012 6:04 PM |
| To: | Chapman, Richard H. |
| Subject: | Fwd: Interest Purchase Agreement |

Sent from my iPhone
JSON™

Begin forwarded message:

> **From:** "Perry Mann" <Perry.Mann@tradecorllc.com>
> **Date:** August 8, 2012 11:52:22 AM CDT
> **To:** "'Jason Perlow'" <Japjson@aol.com>
> **Cc:** "David Blumenfeld'" <DBlumenfeld@BDG.NET>, <bob@chaseart.com>,
> <Numbr20@aol.com>, <sbarket@centrumproperties.com>, <larry@silveryoung.com>,
> <AJYAJY1@gmail.com>, <bhandwerker@earthlink.net>, <brian@utke5.com>,
> <tigeroso@aol.com>, <dzoller1@gmail.com>, "'David J.Kaplan'" <DKaplan@BDG.net>,
> <david@312defense.com>, <d3morton@gmail.com>, <dennisr@champbilliards.com>,
> <glojean55@aol.com>, <JGeier@555.com>, "'James H. Deciutiis'" <JDeciutiis@BDG.NET>,
> <jesperp@mac.com>, <jt3.moran@moranlawfirm.com>, <Johnt@sandjenterprises.com>,
> <tmees@sandjenterprises.com>, <jkatlin@maurice.net>, <1kenpearl@gmail.com>,
> <michael@maurice.net>, <bj1@grouplind.com>, <billcastel@aol.com>, <batty2020@aol.com>,
> <bdwerner11@comcast.net>, <budmoon@earthlink.net>, <zim30@hotmail.com>,
> <cnatarelli@brookweiner.com>, <danrlee12@gmail.com>
> **Subject:** RE: Interest Purchase Agreement
>
> **You were banned from the N9NE venues by the mangers, that's a fact my friend.**
>
>
> Perry Mann

---

**From:** Jason Perlow [mailto:Japjson@aol.com]
**Sent:** Wednesday, August 08, 2012 9:41 AM
**To:** Perry Mann
**Cc:** David Blumenfeld; <bob@chaseart.com>; <Numbr20@aol.com>;
<sbarket@centrumproperties.com>; <larry@silveryoung.com>; <AJYAJY1@gmail.com>;
<bhandwerker@earthlink.net>; <brian@utke5.com>; <tigeroso@aol.com>; <dzoller1@gmail.com>;
David J.Kaplan; <david@312defense.com>; <d3morton@gmail.com>; <dennisr@champbilliards.com>;
<glojean55@aol.com>; <JGeier@555.com>; James H. Deciutiis; <jesperp@mac.com>;
<jt3.moran@moranlawfirm.com>; <Johnt@sandjenterprises.com>; <tmees@sandjenterprises.com>;
<jkatlin@maurice.net>; <1kenpearl@gmail.com>; <michael@maurice.net>; <bj1@grouplind.com>;

1

# EXHIBIT B

   

August 15, 2012


Mr. Jason Perlow
460 W. Superior Street, Suite #5
Chicago, IL 60654

Dear Jason,

I write in response to your request that I investigate an accusation that you took illegal substances in an elevator at the Palms Casino Resort and, as a result, was banned from the hotel and/or NM Ventures venues. The accusation was recently made by Perry Mann and I've found his claim to be totally false.

According to Perry Mann, he claims that you were banned from the Palms Casino Resort and /or the NM Ventures venues for doing cocaine in a Palms elevator. I am personally unaware of any such activity or instance. In order for someone to be restricted from the hotel, I would have to have been notified and I have received no such notification. Further, I have had the Palms security as well as the 9 Group/NM Ventures security review all incident reports dating back to the opening of the Palms and found nothing in regard to either you or Perry Mann's claims. It would be protocol in a circumstance like that which has been alleged for an incident report to be completed. I hope this resolves your inquiry

If I can be of any further assistance, please feel free to contact me directly at 702-942-7011.

Sincerely,

George Maloof
Managing Member

# EXHIBIT C

# CLARK HILL

Richard H. Chapman
T 312.985.5904
F 312.985.5968
Email: rchapman@clarkhill.com

Clark Hill PLC
150 North Michigan Avenue
Suite 2700
Chicago, Illinois 60601
T 312.985.5900
F 312.985.5999

clarkhill.com

August 9, 2012

Mr. Perry Mann
Trade Cor LLC
4455 E. Camelback Rd.
Ste. E-180
Phoenix, AZ 85018
Perry.Mann@tradecorllc.com

Re: Jason A. Perlow – Defamation Action

Dear Mr. Mann:

This firm represents Jason A. Perlow in connection with statements that you have transmitted by e-mail to a number of individuals, including individuals residing in the State of Illinois.

I have had an opportunity to review a number of different e-mail chains containing comments that you made.. However, in your August 8, 2012 10:47 a.m. e-mail you stated:

> Perlow – I respect your loyalty to your pals SY but let's all remember you where [sic] the schmuck that got caught doing blow in the elevator at the Palms and consequently got banded [sic] from all the N9NE Venus [sic]. Your creditability [sic] is weak my friend so take a back seat where you belong...

Subsequently, in your August 8, 2012 11:33 a.m. e-mail you stated:

> Not worried the records are all there, punk...

Finally, in your August 8, 2012 11:52:22 e-mail you asserted:

> You were banned from the N9NE venues by the mangers [sic], that's a fact my friend.

In Illinois, to falsely accuse one of committing a criminal act constitutes defamation *per se*. The significance of defaming an individual on a *per se* basis is that the maligned individual need not prove that he suffered any special damages. Rather, a court and/or jury may award that

Mr. Perry Mann
August 9, 2012
Page 2

individual general damages as well as punitive damages.  If you have any questions about the nature of Illinois law at this point, please let me know and I will be happy to provide you with the Illinois court decisions which establish this law.

In addition to the implication of the commission of a criminal defense, Illinois law recognizes that statements that prejudices a party's profession or trade are also defamatory *per se*.  Claiming that Jason was "doing blow in the elevator" and consequently got "banded" from all the "N9NE Venus" basically indicates to Jason's business partners that he cannot perform his duties within those businesses.  Your subsequent e-mails noted above show your intention to reinforce your initial defamatory statement.

At this point, I request that you forward to me any specific facts or documentation that support your otherwise defamatory statement, including those to which you alluded when you stated "[N]ot worried the records are all there, punk..."   Also, I request that you provide me with the names and addresses of any persons who provided the information which you republished.  Finally, assuming that you have no evidence to support these defamatory statements, I am requesting that you provide all of those who received your e-mail with a retraction indicating that the statements you made were false and that you disavow them.

I am sure that Jason does not have any argument with the fact that business partners may engage in spirited debate about the success or failure of their investments and business ventures.  This letter is not aimed at such spirited debate.  Regrettably, the comment that you made crosses well over the line of what is both appropriate and proper.

Seeing your e-mails, I am quite sure that you will forward to me a vociferous response filled with invective or you will threaten me with some claim that Jason has done something else or that you will call your lawyer on me.  I am quite confident that Jason has done nothing wrong and, if you would like your lawyer to become involved, please give me his or her name and telephone number so that I may contact him or directly.  Otherwise, I am looking forward to your cooperation with providing me with the response to my requests on or before 5:00 p.m. central time on Friday, August 10, 2012.

Very truly yours,

CLARK HILL PLC

Richard H. Chapman

RHC:plp

CLARK HILL
8362565.1 28031/133557