JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. PERLOW,<br><br>        Plaintiff,<br>    v.<br>PERRY MANN,<br><br>        Defendant. | Case No. 2:13-cv-633-ODW(SHx)<br><br>**DISMISSAL ORDER** |

After considering Plaintiff's Complaint, the Court concludes that it lacks subject matter jurisdiction over this case. Accordingly, this case is hereby **DISMISSED**.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). And as for diversity jurisdiction, it exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

In this case, Plaintiff alleges that he is "an individual and a citizen of California residing in Chicago, Cook County, Illinois." (Compl. ¶ 5.) Further, Plaintiff alleges

that Defendant is "an individual and a citizen of California residing in Manhattan Beach, Los Angeles County, California." (Compl. ¶ 6.) The parties here do not have diversity of citizenship under 28 U.S.C. § 1332(a). And the Complaint does not present a federal question.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

February 1, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**